UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLES BRAND,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | No. 17-12094 |
| LIBERTY LIFE ASSURANCE<br>COMPANY OF BOSTON,<br>    Defendant | SECTION "E" |

## ORDER AND REASONS

Before the Court is Defendant's motion to dismiss Plaintiff's breach of fiduciary duty claim and claim for "equitable relief."[1] The motion is unopposed. For the following reasons, the motion is **GRANTED.**

## BACKGROUND

On November 8, 2017, Plaintiff Charles Brand filed a complaint against Defendant Liberty Life Assurance Company of Boston ("Liberty") pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") for recovery of disability benefits under 29 U.S.C. § 1132(a)(1)(B).[2] In addition to his ERISA claims, Brand also brings a claim for breach of fiduciary duty[3] and seeks "equitable relief."[4] On January 8, 2018, Liberty moved to dismiss Brand's breach of fiduciary duty claim and equitable relief claim under Federal Rule of Civil Procedure 12(b)(6).[5]

---

[1] R. Doc. 8.
[2] R. Doc. 1.
[3] *Id.* at 3, ¶ VIII.
[4] *Id.* at 4.
[5] R. Doc. 8.

## STANDARD OF LAW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[6] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] However, the court does not accept as true legal conclusions or mere conclusory statements,[9] and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[10] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[11]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[12] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."[13] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[14]

---

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[8] *Id.*
[9] *Id.*
[10] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[11] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[12] *Twombly*, 550 U.S. at 555.
[13] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).
[14] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

## LAW AND ANALYSIS

Plaintiff complains Liberty breached the fiduciary duties it owed to him "by refusing to pay the total disability benefits to which he is entitled under The Plan and the disability insurance policy issued by LIBERTY."[15] Plaintiff further alleges he is entitled to "equitable relief."[16]

Plaintiff's breach of fiduciary duty allegation fails under *Varity Corp. v. Howe*,[17] an ERISA case in which the U.S. Supreme Court stated "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief."[18] Thereafter, in *Tolson v. Avondale Indus.*,[19] the Fifth Circuit stated that a participant cannot bring an ERISA denial of benefits action under 29 U.S.C. § 1132(a)(1)(B) as a § 1132(a)(3) breach of fiduciary duty claim.[20] "It is settled law in this circuit that a potential beneficiary may not sue for breach of fiduciary duty if he has a pending claim under section 1132(a)(1)(B) for benefits allegedly owed."[21] Thus, "Because Plaintiff has resorted to the principal remedy for ERISA claimants [section 1132(a)(1)(B)], []he has also failed to state a claim under § 1132(a)(3) as described by the Supreme Court in *Varity*."[22]

---

[15] R. Doc. 1 at 3, ¶ VIII.
[16] *Id.* at 4.
[17] 516 U.S. 489, 508–15 (1996) (holding that ERISA authorized a claim for equitable relief under subsection 502(a)(3) for personal recovery when no other appropriate equitable relief is available).
[18] *Id.* at 515.
[19] 141 F.3d 604, 610 (5th Cir. 1998) ("Tolson's efforts to justify assertion of breach of a fiduciary duty claim against the Plans by distinguishing such a claim from his claims for coverage and benefits claims are woefully unavailing.").
[20] *Id.*
[21] *Metro. Life Ins. Co v. Palmer*, 238 F. Supp. 2d 826, 830 (E.D. Tex. 2002) (citing *Tolson*, 141 F.3d 604, 610 (5th Cir. 1998)).
[22] *Constantine v. Am. Airlines Pension Benefit*, 162 F. Supp. 2d 552, 557 (N.D. Tex. 2001); *see also Torrence v. New Orleans Elec. Pension and Annuity Plan*, No. 17-1500, 2017 WL 3158148, at *2 (E.D. La. July 25, 2017) ("ERISA section 502(a)(1)(B) states that a civil action may be brought by a plan participant 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.' 29 U.S.C. § 1132(a)(1)(B). Thus, to the extent plaintiff believes NOEPP improperly denied him benefits, plaintiff has an adequate remedy under section

With respect to Plaintiff's claim for equitable relief, it is well settled that Congress did not provide for compensatory, liquidated, or punitive damages as relief for ERISA claims for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B).[23]

Because it is clear Plaintiff cannot allege any set of facts that would entitle him to relief for his breach of fiduciary claim or his claim for equitable relief, the Court grants Liberty's motion to dismiss these claims.[24]

Accordingly;

## CONCLUSION

**IT IS ORDERED** that the Defendants' motion for partial dismissal for failure to state a claim is **GRANTED**.[25]

**IT IS FURTHER ORDERED** that Plaintiff's breach of fiduciary duty and equitable relief claims are **DISMISSED WITH PREJUDICE.**

**New Orleans, Louisiana, this 29th day of January, 2018.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

502(a)(1)(B). Plaintiff is therefore precluded from bringing a claim for equitable relief under section 502(a)(3).").

[23] *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255–58 (1993) (holding that ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), which allows plan beneficiary to bring action to obtain "appropriate equitable relief" for violations of either ERISA or ERISA-qualified plan, does not allow such beneficiary to sue plan fiduciary in his or her individual capacity for extracontractual damages, which are "the classic form of *legal* relief"); *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 148 (1985) (holding that ERISA § 502(a)(1), 29 U.S.C. § 1132(a)(1), which allows plan beneficiary to bring action for fiduciary breach, does not allow such beneficiary to sue plan fiduciary in his or her individual capacity for extracontractual damages); *see also Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 944 (5th Cir. 1999); *Weir v. Fed. Asset Disposition Ass'n*, 123 F.3d 281, 290 (5th Cir. 1997).
[24] *See Clark*, 794 F.2d at 970.
[25] R. Doc. 8.